UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LARRY JOE JORDAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No: 2:14-cv-1386-CLS-JEO |
| ) | |
| WARDEN WILLIE THOMAS and ) | |
| the ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This case is before the court on a petition for writ of *habeas corpus* filed by Larry Joe Jordan pursuant to 28 U.S.C. § 2254. Petitioner is serving a 40-year sentence on his conviction for reckless murder, in violation of Ala. Code § 13A-6-2(a)(2), which arose out of a drunk-driving accident. *See Ex parte Jordan*, 486 So. 2d 485 (Ala. 1986). On July 31, 2014, the magistrate judge entered a report and recommendation, recommending that *habeas* relief is due to be denied because this action, filed on July 16, 2014, comes more than seventeen years after the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).[1] Petitioner filed an objection to the report and recommendation.[2]

---

[1] Doc. no. 5.

[2] Doc. no. 8.

In his objection, petitioner expressly admits that his § 2254 application was not filed within the limitations period, which in his case expired in April of 1997.[3] He maintains, however, that he is actually innocent, such that he is entitled, pursuant to *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924 (2013), to have this court address his *habeas* claims despite their untimeliness.[4] While acknowledging *McQuiggin*'s holding that a § 2254 petitioner may overcome the statute of limitations based on actual innocence, the magistrate judge summarily rejected the applicability of that doctrine here, stating that the petition does not contain "any allegations that even hint" that petitioner can make the necessary showing.[5]

In order to pass through the actual-innocence gateway, a § 2254 petitioner must "persuade the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This threshold is "'demanding' and seldom met." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). The

---

[3] *Id.* at 3 and 7.

[4] *Id.* at 4.

[5] Doc. no. 5, at 4.

district court considers "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327-28 (internal quotation marks and further citation omitted)). "Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 329)).

Petitioner's claim of actual innocence set forth in his objection is utterly without merit. Petitioner posits that he is actually innocent based on his theory that the state trial court lacked subject-matter jurisdiction to convict him of reckless murder under Ala. Code § 13A-6-2(a)(2),[6] stemming from his operation of a motor vehicle. He supposes that to be so because the Alabama legislature had also enacted another, more specific statute criminalizing vehicular homicide, Ala. Code § 32-5A-

---

[6] Alabama's murder statute, Ala. Code § 13A-6-2, reads, in pertinent part:

(a) A person commits the crime of murder if:

\*\*\*
(2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person ....

3

192.[7] However, this argument is nothing more than a repackaging of petitioner's substantive claim for *habeas* relief. His assertion that the trial court lacked jurisdiction amounts to a claim of mere legal insufficiency, not actual innocence. *See Justo v. Culliver*, 317 F. App'x 878, 880-81 (11th Cir. 2008). Moreover, boiled down to its essence, petitioner's argument is that he is actually innocent of reckless murder because he was guilty of only vehicular homicide. However, a *habeas* petitioner who has been convicted of a non-capital homicide offense does not establish actual innocence by showing that he was instead guilty of a lesser degree of homicide. *Rozzelle v. Secretary, Fla. DOC*, 672 F.3d 1000, 1015 (11th Cir. 2012); *cf. McQuiggin*, 133 S. Ct. at 1928 (framing the issue as whether "the time bar [can] be overcome by a convincing showing that [the petitioner] committed *no crime*"

---

[7] At the time of petitioner's offense, Alabama's vehicular homicide statute, Ala. Code § 32-5A-192(a), provided:

> (a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death.
>
> (b) Any person convicted of homicide by vehicle or vessel shall be fined not less than five hundred dollars ($500) nor more than two thousand dollars ($2,000), or shall be imprisoned for a term not less than one year nor more than five years, or may be so fined and so imprisoned.

The Alabama Supreme Court subsequently invalidated the statute to the extent its text might authorize a conviction without proof of a criminally culpable mental state. *Ex parte Edwards*, 816 So. 2d 98, 107 (Ala. 2001). The statute was repealed, effective July 1, 2014. *See* Ala. Acts 2014-427, § 2.

(emphasis added, alterations supplied)).  Accordingly, his § 2254 petition remains time barred.[8]

But even as a freestanding *habeas* claim, petitioner's argument is plainly meritless, regardless of any time bar or procedural default.  Federal *habeas* relief does not lie based upon errors of state law unless such also gives rise to a federal constitutional violation.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Likewise, this court cannot review state court interpretations of state statutes unless some federal constitutional issue is implicated.  *See McCoy v. Newsome*, 953 F.2d 1252, 1264 (11th Cir. 1992).  To that end, Alabama courts have expressly held that Ala. Code § 32-5A-192 poses no bar to murder prosecutions under § 13A-6-2 or other homicide sections of the Alabama criminal code.  *See Hammonds v. State*, 7 So. 3d 1038, 1050 (Ala. Crim. App. 2006), *rev'd on other grounds*, 7 So. 3d 1055 (Ala. 2008); *Duncan v. State*, 473 So. 2d 1203, 1204-05 (Ala. Crim. App. 1985).  Rather, the Alabama courts construe vehicular homicide under § 32-5A-192 as, at least in some circumstances, a lesser included offense of murder under § 13A-6-2, *see Black*

---

[8] Petitioner also insists that his *habeas* petition is not subject to any limitations period because his claim supposedly calls into question the jurisdiction of the Alabama trial court. (Doc. no. 9). However, assuming purely for the sake of argument that petitioner's claim is "jurisdictional" in the sense he contemplates, such claims are still subject to the federal limitations period of § 2244(d)(1), as recognized by the magistrate judge. (*See* doc. no. 5, at 3-4 (citing *Hatcher v. Boyd*, 2014 WL 130756, at *3 (N.D. Ala. Jan. 14, 2014); *Pope v. Butler*, 2012 WL 4479263 at *1 (N.D. Ala. Sep. 24, 2012); *Harrell v. White*, 2014 WL 1017878, at *1 (S.D. Ala. Mar. 17, 2014)); *see also Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011).

Case 2:14-cv-01386-CLS-JEO   Document 9   Filed 10/31/14   Page 6 of 8

*v. State*, 586 So. 2d 968, 969 (Ala. Crim. App. 1991), indeed, as in petitioner's own case, *see Ex parte Jordan*, 486 So. 2d at 486-88, and of manslaughter under § 13A-6-3, *see Barrett v. State*, 33 So. 3d 1287, 1288-89 (Ala. Crim. App. 2009). Petitioner offers no authority or explanation supporting the contention that the Alabama courts' interpretation of the relationship between §§ 13A-6-2 and 32-5A-192 runs afoul of any federal constitutional provision.

In fact, "it is well settled that 'when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Tomeny*, 144 F.3d 749, 752 (11th Cir. 1998) (quoting *United States v. Batchelder*, 442 U.S. 114, 123-24 (1979)). There is no question of such discrimination here. Ultimately, the fact that one criminal statute is more specific than another one is not itself sufficient to preclude a prosecution under the latter. *See Tomeny*, 144 F.3d at 754 n.10; *United States v. Suggs*, 755 F.2d 1538, 1542 (11th Cir. 1985); *United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983); *United States v. Anderez*, 661 F.2d 404, 407 (5th Cir. Unit B Nov. 1981)[9]; *see also United States v. Sherman*, 150 F.3d 306, 318 (3d Cir. 1998); *United States v. Hopkins*, 916 F.2d 207, 218 (5th Cir. 1990); *United States*

---

[9] Decisions by a Unit B panel of the former Fifth Circuit are binding precedent in the Eleventh Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

6

*v. Hansen*, 772 F.2d 940, 945-46 (D.C. Cir. 1985); *United States v. Demangone*, 456 F.2d 807, 810-11 (3d Cir. 1972).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and petitioner's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be, and they hereby are, ADOPTED, and his recommendation is ACCEPTED. Petitioner's objections are OVERRULED. Accordingly, the petition for writ of *habeas corpus* is due to be DENIED and this action is due to DISMISSED WITH PREJUDICE. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be DENIED. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. A separate Final Judgment will be entered.

DONE this the 31st day of October, 2014.

_____
United States District Judge